UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | |
|---|---|
| FRANCIS J. BEASLEY, individually, and as the son of Floyd J. Beasley, and as the Executor of the Estate of Floyd J. Beasley, <br><br>   Plaintiff, <br><br> v. <br><br> SSC NEWPORT OPERATING COMPANY, d/b/a Newport Health and Rehabilitation Center, <br><br>   Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) No. 2:11-cv-127 <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## MEMORANDUM AND ORDER

This civil action is before the court for consideration of "Defendant's Motion to Strike Plaintiff's Expert Dr. James Alexander Killeffer" [doc. 101]. Plaintiff has filed a response [doc. 115]. Defendant has brought this motion pursuant to Federal Rule of Civil Procedure 26(a)(2)(B)(i) for alleged deficiencies in Dr. Killeffer's expert disclosure. For the reasons that follow, the motion will be denied.

This medical malpractice and negligence case is set for trial on October 28, 2014, and concerns injuries sustained by Floyd Beasley, father of plaintiff Francis Beasley, while he was a resident at the nursing home operated by defendant. There is no dispute that plaintiff timely provided the expert disclosure of Dr. Killeffer, a neurological surgeon who is an active member of the University of Tennessee Medical Center and is the Chief, Division of Neurosurgery, Department of Surgery, University of Tennessee

Graduate School of Medicine. Defendant, however, asserts that Dr. Killeffer's expert disclosure lacks any opinions concerning the standard of care for nursing homes and a breach of the standard of care causing Floyd Beasley's injuries, "due to the fact that Dr. James Killeffer was not a treating physician." Defendant also contends that the expert disclosure does not provide the bases for the opinions expressed by Dr. Killeffer.

Rule 26 sets forth requirements for expert disclosures which must contain: (i) a complete statement of all opinions the witness will express and the basis and reasons for them; (ii) the facts or data considered by the witness in forming them; (iii) any exhibits that will be used to summarize or support them; (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years; (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and (vi) a statement of the compensation to be paid for the study and testimony in the case. Fed. R. Civ. P. 26(a)(2)(B). After considering these criteria, the court concludes that Dr. Killeffer's disclosure complies with Rule 26(a)(2).[1]

Defendant initially criticizes the disclosure for not containing any opinions concerning the standard of care for nursing homes or a breach of the standard of care as a cause of Floyd Beasley's injuries. However, it is apparent from the disclosure itself as well as plaintiff's response that Dr. Killeffer is not being offered as a causation expert or as an expert to establish the standard of care for nursing homes. Dr. Killeffer, as a neurological surgeon at UT Medical Center where Floyd Beasley was treated for his head

---

[1] While the court is of the opinion that Dr. Killeffer's disclosure meets the standards of Rule 26(a)(2)(B), the disclosure nevertheless at a minimum substantially complies with the rule.

2

injury, is offered to render opinions concerning the brain injury itself Mr. Beasley sustained. He is also offered to address the medical treatment Mr. Beasley received and the reasonableness and necessity of the medical bills incurred as a result of that injury. Nothing in the disclosure indicates or represents that Dr. Killeffer intends to render any opinion regarding the standard of care for nursing homes or causation for the injury. Rendering these opinions is not a prerequisite for Dr. Killeffer to address the injury that Floyd Beasley was treated for at UT Medical Center, the facility where Dr. Killeffer practices neurosurgery. The nature and extent and the short and long term effects of Mr. Beasley's head injury are distinct matters from what the standard of care is for nursing homes and whether a breach of the standard of care caused Mr. Beasley's head injury.

Defendant also contends that Dr. Killeffer does not provide the bases for the opinions he has identified. The disclosure states that Dr. Killeffer will offer opinions concerning what a traumatic brain injury is; the brain injury Mr. Beasley suffered; the treatment related to such injuries and the treatment Mr. Beasley received; and the immediate and long term effects of the traumatic brain injury Mr. Beasley sustained. The bases for these opinions include Dr. Killeffer's knowledge, expertise, and experience as a professional who treats traumatic brain injuries and his familiarity with the treatment Mr. Beasley received. The disclosure also identifies the medical records, bills, and depositions Dr. Killeffer reviewed in forming his opinions. *Dennis v. Sherman, M.D*. No. 1:08-cv-1055-JDB-egb, 2010 WL 1740438, at *3 (W.D. Tenn. Apr. 28, 2010( ("[I]t is unclear to the Court why Plaintiff claims that Dr. Threlkeld has not pointed to the bases

3

for his conclusions, given that the expert disclosure specifically enumerates the documents Dr. Threlkeld has reviewed in formulating his opinions.").

Defendant did not depose Dr. Killeffer. *Id.* ("[I]f Plaintiff desired to delve more deeply into Dr. Threlkeld's opinions and the reasons therefor, she had an ample opportunity to depose him, but chose not to."). In any event, the disclosure of Dr. Killeffer's proposed testimony meets the requirements of Rule 26(a)(2)(B), and the information provided puts defendant on notice of "the subject matter of his testimony, his qualifications, and the information upon which he relies. Rule 26 requires no more than this." *Id.* (citing *McHugh v. Olympia Entm't, Inc.*, 37 F. App'x 730, 735 (6th Cir. 2002) ("Rule 26 must be read in light of its dual purposes of narrowing the issues and eliminating surprise."); *cf.Thompson v. Doane Pet Care Co.*, 470 F.3d 1201, 1203 (6th Cir. 2006) (Section 26(a)(2)(B) "contemplates that the expert will supplement, elaborate upon, and explain and subject himself to cross-examination upon his report. Parties may ordinarily seek permission to depose such experts prior to trial, if necessary.").

Defendant also asserts that since Dr. Killeffer was not the treating physician, he cannot determine whether the medical bills incurred by Mr. Beasley at UT Medical Center were reasonable and necessary. "In Tennessee, '[a] physician who is familiar with the extent and nature of the medical treatment a party has received may give an opinion concerning the necessity of another physician's services and the reasonableness of the charges.'" *Wells ex rel. Baker v. State*, 435 S.W.3d 734, 742-43 (Tenn. Ct. App. 2013) (quoting *Long v. Mattingly*, 797 S.W.2d 889, 893 (Tenn. Ct. App. 1990)). In order to be qualified to furnish such opinions, the physician must demonstrate: "(1) knowledge

4

of the party's condition, (2) knowledge of the treatment the party received, (3) knowledge of the customary treatment options for the condition in the medical community where the treatment was rendered, and (4) knowledge of the customary charges for the treatment." *Id.* (quoting *Long*, 797 S.W.2d at 893). Based upon the information contained in Dr. Killeffer's disclosure, he certainly appears to meet these requirements.

Accordingly, for the reasons discussed, the court finds that defendant's motion to strike plaintiff's expert Dr. James Killeffer is not well taken and should be and hereby is **DENIED**.

**IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan
United States District Judge