UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | | |
|---|---|---|
| FRANCIS J. BEASLEY, individually, and as the son of Floyd J. Beasley, and as the Executor of the Estate of Floyd J. Beasley, | ) ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 2:11-cv-127 |
| SSC NEWPORT OPERATING COMPANY, d/b/a Newport Health and Rehabilitation Center, | ) ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

Before the court is the "Revised (Corrected) Motion in Limine to Preclude Expert Testimony" [doc. 113] filed by defendant. Plaintiff has filed a response [doc. 116]. Defendant moves to exclude opinions and testimony offered by plaintiff's designated experts Dr. Jeffery Lesesne and Nurse Mary Stassi. For the reasons that follow, the motion will be denied in part and deferred for trial in part.

### Standard of Care Opinions before December 27, 2009

Defendant asserts that proof from Dr. Lesesne and Nurse Stassi concerning any standard of care prior to December 27, 2009, is not admissible. Defendant argues that the experts do not link their standard of care testimony to causation. Plaintiff points out that over a period of 12 days Floyd Beasley fell four times and that his experts address how

defendant responded to each fall and the multiple ways the standard of care was not met as to this sequence of falls.

The Federal Rules of Evidence define relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." *Tompkin v. Philip Morris USA, Inc.*, 362 F.3d 882, 897 (6th Cir. 2004) (quoting Fed. R. Evid. 401). "Irrelevant evidence is not admissible." Fed. R. Evid. 402. However, "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Whether a motion in limine is granted or denied is within the sound discretion of the district court. *See Harris v. City of Circleville*, No. 2:04-cv-1051, 2010 WL 816974, at *2 (S.D. Ohio Mar. 5, 2010).

At this juncture, the court has before it discovery deposition testimony, not deposition testimony for proof at trial. While Floyd Beasley did not sustain a physical injury until the fourth fall on December 27, 2009, the court is not in a position based upon defendant's characterization of plaintiff's experts' deposition testimony and its argument to conclude that defendant's handling of the three prior falls is inadmissible. At trial, plaintiff's expert testimony will be subject to cross examination and the standard of Federal Rule of Civil Procedure 50. Therefore, this portion of defendant's motion is **DENIED**.

2

Case 2:11-cv-00127-RLJ   Document 123   Filed 10/22/14   Page 2 of 4   PageID #: 968

## Causal Link to Defendant's Alleged Negligence

Defendant asserts that plaintiff's experts Dr. Lesesne and Nurse Stassi do not establish causation as required by Tennessee law in a medical malpractice case. Plaintiff responds that they have referenced causation.

Again, as discussed above, what is before the court is discovery deposition testimony from plaintiff's expert witnesses. This is not summary judgment as in *Legg v. Chopra*, 286 F.3d 286 (6th Cir. 2002), relied on by defendant, where the expert affidavit testimony was conditional and failed to raise a material issue of fact. Nor is this case in the posture of considering trial testimony in light of Rule 50. The testimony of plaintiff's experts needs to be subject to cross examination and the standards of Rule 50. The court is not in a position at this juncture to conclusively conclude that the testimony of Dr. Lesesne and Nurse Stassi should be excluded. Accordingly, this portion of defendant's motion is **DENIED**.

## Relevance of Alleged Inaccurate Medication Records

Defendant seeks to exclude testimony by Nurse Stassi pertaining to allegedly inaccurate medication records concerning Floyd Beasley. Defendant contends that such testimony is irrelevant because there is no dispute concerning whether Mr. Beasley received his proper medication and in a timely fashion. Plaintiff points out that one of the medications referenced by Nurse Stassi is Ativan which she stated is related to falls. Plaintiff also argues that the issue regarding the medication records is another example of

3

the inaccurate and incomplete medical records that demonstrate a breach in the standard of care.

Nurse Stassi testified in her deposition: "- - on the MARs, [medicine administration record] the MARs are not necessarily signed in all cases, so I don't know who's giving what. There's no follow-up for - - he received Ativan on three different occasions. There's no follow-up to whether or not it was effective or not, so Ativan is a medication that can lead to falls, so if he's receiving that medication for anxiety, and it's not working, looking at giving him something different. So there's a variety of places in the medical record that are just lacking."

At this point, there is at least some degree of relevance to Nurse Stassi's testimony because there is reference to a medication that Mr. Beasley was receiving which Nurse Stassi testified can lead to falls. Plaintiff, however, will need to demonstrate at trial how this information relates to proving his claims. "[A] court is almost always better situated during the actual trial to assess the value and utility of evidence." *Black v. Columbus Pub. Schs.*, No. 2:96-CV-326, 2007 WL 2713873, at *2 (S.D. Ohio Sept. 17, 2007) (citations omitted). Therefore, this issue is **DEFERRED UNTIL TRIAL.**

**IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan
United States District Judge